[Cite as *State v. Madison*, 2019-Ohio-804.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff – Appellee

-vs-

FLORENCE E. MADISON

      Defendant – Appellant

JUDGES:
Hon. W. Scott Gwin, P.J
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 2018CA0006

O P I N IO N


CHARACTER OF PROCEEDINGS:      Appeal from the Coshocton County Court
of Common Pleas, Juvenile Division,
Case No. 201840015


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 6, 2019


APPEARANCES:


For Plaintiff-Appellee

CHRISTIE M.L. THORNSLEY
Assistant Prosecuting Attorney
318 Chestnut Street
Coshocton, Ohio  43812

For Defendant-Appellant

JEFFREY A. MULLEN
Coshocton County Public Defender
239 N. Fourth Street
Coshocton, Ohio  43812

*Hoffman, J.*

**{¶1}** Appellant Florence Madison appeals the judgment entered by the Coshocton County Common Pleas Court, Juvenile Division, convicting her of contributing to the unruliness of a minor. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant's daughter, G.M., was a fifth grade student at Coshocton Elementary School. From September 5, 2017, until January 4, 2018, G.M. missed 23 unexcused days of school due to head lice. Appellant and G.M. resided with Appellant's mother. In late 2017, a meeting was scheduled with Appellant, school personnel, a truancy officer, and a representative from Job and Family Services (JFS) concerning the ongoing problems with lice in Appellant's home. At this meeting, a plan was devised to rectify the truancy issue. The short term plan was to get G.M. lice free, and move her to the home of another relative until Appellant was able to obtain housing away from her mother, as Appellant's mother was unwilling to rectify the lice infestation in her home.

**{¶3}** After the meeting, G.M. continued to miss school because of head lice. G.M. was not passing fifth grade due to her ongoing absences from school. Referrals to JFS were unsuccessful, and because the school had attempted unsuccessfully to deal with the truancy problem due to head lice for three school years, charges were brought against Appellant.

**{¶4}** The case proceeded to bench trial. Following trial, the court found Appellant guilty of contributing to the unruliness of a minor. He sentenced her to 30 days in jail, all suspended, and fined her $100, which was also suspended. She was placed on probation for one year and ordered to follow and attend all appointments with Allwell Behavioral

Health, make and keep an appointment with the health department for a lice check, have the child in school every day, comply with her case plan from JFS, and obtain housing.

**{¶5}** It is from the July 16, 2018 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶6}** Appellant argues the judgment is against the manifest weight of the evidence. She specifically argues she did not contribute to her daughter's truancy because she was not in control of the residence, and thus was unable to remedy the lice infestation in the home.[1]

**{¶7}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶8}** The court found Appellant guilty of contributing to the unruliness of a minor in violation of R.C. 2919.24(B)(2):

---

[1] Appellant concedes the child was unruly by reason of truancy.

(B) No person, including a parent, guardian, or other custodian of a child, shall do any of the following:

(2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child or a delinquent child;

{¶9} In the instant case, there was evidence Appellant and G.M. lived with Appellant's mother, who was in control of the lice-infested home. However, the testimony of John Casey, assistant principal at G.M.'s school, and Nate Berry, the juvenile probation officer involved in the case, established the school attempted to work with Appellant on a plan to solve the problem. The State presented testimony Appellant agreed to a plan whereby once G.M. was lice-free, she would go live with another relative until such time as Appellant could obtain independent housing. However, Appellant did not follow through with this plan. G.M. continued to reside in the home with Appellant and Appellant's mother, and as of the day of the bench trial in the instant case, was still missing school due to head lice. Tr. 11, 13, 25. From this testimony, we find the trial court's decision Appellant contributed to the unruliness of a minor in violation of R.C. 2919.24(B)(2), was not against the manifest weight of the evidence.

{¶10} The assignment of error is overruled.

{¶11} The judgment of the Coshocton County Common Pleas Court, Juvenile Division, is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur